ORIGINAL

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
9:48 A. M.
March 30 20 11
J. Howell
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) INFORMATION NO. CR **CR111-133** |
| | ) |
| FRED WILLIAM LAYMAN, III, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

DEFENDANT'S NAME:        FRED WILLIAM LAYMAN, III,

DEFENSE COUNSEL:         VICTOR HAWK

ASSISTANT U.S. ATTORNEY:    STEPHEN T. INMAN

===============================================================

### STATUTES CHARGED:

**Counts 1-5:**    18 U.S.C. § 1343
                Wire Fraud

### COUNT PLEADING TO PURSUANT TO PLEA AGREEMENT:

**Count 1:**    18 U.S.C. § 1343
             Wire Fraud

### PENALTY:

NOT MORE THAN 20 YEARS IMPRISONMENT, A FINE OF NOT MORE THAN
$250,000, OR BOTH; NOT MORE THAN 3 YEARS SUPERVISED RELEASE; AND A
$100 SPECIAL ASSESSMENT.

**ELEMENTS OF OFFENSE:**

FIRST:        That the Defendant knowingly participated in a scheme to defraud and obtain
              money or property from another, as charged;

SECOND:   That the means to defraud included materially false representations,
              pretenses, promises, and omissions; and;

THIRD:       That the defendant, for the purpose of executing and attempting to execute
              said scheme, did knowingly cause to be transmitted a wire communication in
              interstate commerce.

## PLEA AGREEMENT

Stephen T. Inman, Assistant United States Attorney, and Victor Hawk, counsel for

the defendant Fred William Layman, III ("Defendant"), pursuant to the provisions of Rule 11 of the

Federal Rules of Criminal Procedure, have, with the authorization of the undersigned defendant,

heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges

pending in the information styled above, and a plea agreement has been reached by said parties in

the following respects:

## GOVERNMENT OBLIGATIONS

1. Upon Defendant's entry of a plea of guilty to the offense charged in Count 1 of

the Information, his full compliance with all promises made hereinafter as a part of this agreement,

and his adherence to all representations and understandings recited hereinafter, the attorney for the

government will do the following:

a.        dismiss the remaining counts of the Information against Defendant;

b.        not object to a recommendation from the probation officer that

Defendant receive a 2-point reduction for acceptance of responsibility under the provisions of

Chapter Three, Part E of the Sentencing Guidelines, and where applicable under the U.S.S.G.

2

§ 3E1.1(b), will file a motion for an additional 1-point reduction for acceptance of responsibility, provided Defendant truthfully admits the conduct comprising the offenses of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under the United States Sentencing Guidelines;

        c.     advise the Court at sentencing of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by Defendant, and consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 or Fed. R. Crim. Pro. 35.

        If Defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If Defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed. R. Crim. Pro. and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. If the government files a motion for downward departure pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure and defer entirely to the Court, or, in its discretion, to make any recommendation it deems appropriate respecting the degree of departure.

**The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce Defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.**

d.   Agree that any information the defendant provides to the government from the date of this agreement forward concerning unlawful activities by the defendant and/or others, in accordance with U.S.S.G. §1B1.8, will not be used against the defendant in determining the applicable guideline range; and,

e.   Make a reasonable estimate under U.S.S.G. § 2B1.1(b)(1) that the loss amount does not exceed $200,000 and make no objection if the Probation Office determines that U.S.S.G. § 2B1.1(b)(14)(A) does not apply.

### OBLIGATIONS OF THE DEFENDANT

2. THE DEFENDANT AGREES:

a.      to waive indictment and plead guilty to Count 1 of the Information;

b.      to cooperate truthfully and completely at all times;

COOPERATION PROVISION

THE DEFENDANT AGREES:

(1) to provide full, complete, and candid cooperation with federal, state, and local authorities by following all reasonable requests of law enforcement agents, which may include, in addition to a full disclosure of all criminal activities of which Defendant has knowledge and a full and truthful answer to any question put to him by law enforcement officers, the affirmative gathering of evidence under the direction of law enforcement authorities (such as, but not limited to, wearing or operating recording or transmitting devices for the monitoring of conversations between the defendant and others, and the disclosure and relinquishment of any documents or physical items of evidentiary value in the defendant's possession or held for the defendant by others;

(2) to testify truthfully and completely before any grand jury, trial jury, or in any proceeding preliminary or ancillary thereto, to which the information provided under this agreement may pertain, and to waive any privileges which Defendant may have with regard to such testimony;

(3) that for the purpose of complying with the terms of this cooperation agreement, Defendant will meet with law enforcement agents and/or counsel for the government at times and places of their choosing, as may be necessary to discharge Defendant's obligations under this agreement, and in connection therewith Defendant waives any right to the presence of his counsel during such meetings.

(4) that Defendant is required at all times to give complete, truthful, and accurate evidence and testimony when call upon to do so by the government or another defendant; That Defendant is not called upon by this agreement nor any other to implicate any particular individual as to any particular illegal activity, nor to "make a case" against anyone; that Defendant's

5

benefits under this agreement are conditioned solely upon his cooperation and truthfulness, and are IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding;

(5) that if there is any failure to completely fulfill the obligations of this agreement, then the government is thereby released from any commitment to honor its promises hereunder. Thus, should Defendant knowingly give false, incomplete, or misleading testimony or information, or conceal material information, the government will be free to: prosecute the defendant for all violations of the criminal laws the defendant has committed, including those which the defendant disclosed as a part of Defendant's cooperation under this agreement; to use against Defendant in any prosecution or sentencing any statements Defendant made during the course of cooperation under this agreement; to seek and recommend maximum sentences and all applicable sentence enhancements on any conviction obtained; to seek forfeiture of any and all properties subject thereto; and to prosecute Defendant additionally for perjury, false statement, and obstruction of justice. (If the parties disagree as to whether a breach of this agreement has occurred, Defendant agrees that the matter will be submitted to the Court for resolution on a preponderance of the evidence standard, with the moving party bearing the burden of proof.)

(6) that Defendant must promptly turn over to government authorities or disclose the location of any evidence pertinent to the matter subject of the information or matters disclosed as a part of Defendant's cooperation, such as, but not limited to, papers, documents, recordings (audio and video), photographs and any other physical items.

(7) Defendant agrees to waive all rights under the Speedy Trial Act, if necessary, to delay sentencing until the completion of substantial portions of Defendant's cooperation, so as to provide the sentencing court with all relevant information.

(8) The Defendant will not be required to testify against J.L. and/or A.N.

6

c. LIMITED WAIVER OF APPEAL:

Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, as a part of this agreement and in consideration for the government's promises hereunder, to the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, Defendant may also file a direct appeal of the sentence.

3. **Defendant also understands that in accordance with *United States v. Booker*, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

4. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

a. FACTUAL BASIS

The defendant understands that Count 1 of the Information charges that beginning in or about December 2006 and continuing until on or about December 31, 2007, the exact dates being unknown, in Columbia County in the Southern District of Georgia and elsewhere the defendant, Fred William Layman, III, did knowingly and willfully participate in a scheme and artifice to defraud a mortgage lender and to obtain money from a mortgage lender and property by means

7

of materially false and fraudulent pretenses, representations, promises, and omissions, in that, the defendant caused materially false and fraudulent information, including but not limited to those listed in Paragraphs 2 and 3 of the Information, incorporated herein by reference, regarding the borrower's assets, income, work title and employment history to be submitted to the lender, and thereby caused on or about January 30, 2007, to be transmitted, by means of wire communications in interstate commerce, from Wachovia Bank in Charlotte, North Carolina to Georgia Bank & Trust in Augusta, Georgia, $80,435.77 for the loan on 203 Berrien Court in Martinez, Georgia, and that Defendant's guilty plea constitutes proof as to that count.

Defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

Defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

Defendant further advises the Court that Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider *all* of defendant's conduct related to the offenses to which he is pleading, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and

8

criminal history category determined by the U.S. Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney.

**Defendant advises the Court that Defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than Defendant has admitted to, Defendant will still have no absolute right to withdraw his guilty plea.**

b. FINES, ASSESSMENTS, FORFEITURES AND RESTITUTION

Defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

Defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, Defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth Defendant's assets and liabilities. Defendant further understands that by completing the financial statement, Defendant is representing that it is true and accurate to the best of Defendant's information, knowledge and belief, and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

The defendant understands and agrees that pursuant to this agreement, the Court shall have the power and authority to order the defendant to pay full restitution to all victims of the scheme and artifice described in the information, even though such victims may not be named in the information or in this plea agreement. The defendant understands and agrees that whether any

9

amounts paid by the defendant to victims may be credited against the amount of loss shall be subject to the determination of the U.S. Probation Office and the Court pursuant to U.S.S.G. § 2B1.1, application note 3(E), and any other applicable portion of the Sentencing Guidelines.

### c. FOIA AND PRIVACY ACT WAIVER

Defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by Defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of Defendant to post-conviction litigation, Defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

### 5. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

a.  Defendant represents to the Court that Defendant has had the services of an attorney Defendant believes to be competent; that Defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss Defendant's case and receive advice; that Defendant has been truthful with his attorney and related all information of which Defendant is aware pertaining to the case; that Defendant and Defendant's attorney have discussed possible defenses, if any, to the charge in the information, including the existence of any exculpatory or favorable evidence or witnesses, discussed Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in Defendant's behalf and compel their attendance at trial by subpoena, the right to

confront and cross-examine the government's witnesses, Defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this plea agreement as a matter of Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

b.  Defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by Defendant is the result of prior discussions between the attorney for the government and the attorney for Defendant, conducted with Defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and Defendant; and that Defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, Defendant advises the Court that Defendant's entire understanding of this plea agreement is completely set forth in writing in this document.

c.  Defendant represents to the Court that he has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty Defendant gives up all of the rights set out in paragraph "a" above, gives up any defenses to the charge, and understands that there will not be a further trial of any kind.  Defendant further understands that in entering a plea of guilty, the Court will ask questions about the offenses to which the plea is entered.  Defendant understands that he will be under oath and on the record in answering those questions, and that Defendant's answers may later be used against him in a criminal prosecution for perjury or false statement if those answers are not truthful.

6.     FAILURE TO COMPLY WITH TERMS OF AGREEMENT

If Defendant at any time fails to comply with any of the terms of this agreement in any way, the government shall be released from its promises herein. This includes, but is not limited to, any attempt by the defendant to obstruct justice, for example, by influencing the testimony of a witness or committing new crimes prior to Defendant's sentencing by the court.

This _28_ day of February, 2011.


EDWARD J. TARVER
UNITED STATES ATTORNEY


Stephen T. Inman
Assistant United States Attorney


Nancy C. Greenwood
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, consisting of 13 pages, including this page, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

_____
Date

_____
Victor Hawk, Esq.
Attorney for Defendant

_____
FRED WILLIAM LAYMAN, III
Defendant

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | INFORMATION NO. _____ **CR111−133** |
| v. | ) | |
| | ) | |
| FRED WILLIAM LAYMAN, III, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This __30th__ day of ___March___, 2011.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA